# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| JOHN WILLIAM CAMPBELL, | : | Case No. 3:25-cv-00347 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| DAYTON OHIO POLICE DEPT., *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

John William Campbell sues the Dayton, Ohio, Police Department and four of its officers for false arrest, unreasonable seizure, and false imprisonment. (Doc. No. 4.) The undersigned Magistrate Judge previously advised Plaintiff Campbell—who is proceeding here without the assistance of counsel—that the Complaint is deficient, in that "it does not allege sufficient facts to state a plausible claim." (Order for Amended Complaint, Doc. No. 5 at PageID 38 [all emphases in original].) "In the interest of judicial economy, and rather than recommending dismissal of the claims outright, the Court [ordered] Plaintiff to amend his Complaint to include additional factual information about what allegedly occurred when Defendants arrested and searched him." (*Id*. at PageID 38.) The Court ordered Plaintiff "to file an Amended Complaint setting forth his claims in more detail, and providing the required factual support, by **December 1, 2025**." (*Id*. at PageID 40.) To date, Plaintiff has not done so.

The original Complaint alleges only a few facts. (Doc. No. 4.) The undersigned previously recited them as follows:

> Here, Plaintiff alleges that, on January 12, 2025, at an address in Dayton, Ohio, Defendants "conspired" to charge Plaintiff with resisting arrest and obstruction of official business, "which resulted in a false arrest and unlawful incarceration." (Doc. No. 4 at PageID 35.) Plaintiff "believe[s] the arrest was unlawful based on a lack of probable cause 2nd violation of due process and constitutional rights." (*Id*.) He also asserts that the Defendant Officers "engage[d] in an illegal search . . . that violate[d] my Fourth Amendment Right." (*Id*.) Plaintiff seeks monetary damages, including for "lost time spent in incarceration/jail" and unidentified injunctive relief. (*Id*. at PageID 36.)
>
> While these statements appear to identify the relevant claims, they are conclusory and factually insufficient to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). To proceed in this case, Plaintiff must allege <u>facts</u> that describe how each Defendant violated his rights. *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) ("The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right'") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original).

(Doc. No. 5 at PageID 39.)

As the undersigned advised Plaintiff, the Court is required to screen the Complaint and must dismiss any part of it that is frivolous or malicious; that fails to state a claim on which relief may be granted; or that seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). (*See* Doc. No. 5 at PageID 37.) Plaintiff's Complaint here (Doc. No. 4) fails to state a claim on which relief may be granted, even if the Court liberally construes it because Plaintiff is proceeding *pro se.* Plaintiff's claims against the individual officers fail because Plaintiff does not say what each one did to violate his rights. *See Reid,* 2020 WL 5902597, at *6; *Homrich v. City of*

2

*Wyoming*, No. 1:25-cv-296, 2025 WL 2641761, at *5 (W.D. Mich. Sept. 15, 2025) ("A defendant violates the Fourth Amendment's bar on unreasonable seizures if they arrest a person without probable cause to believe that the person committed a crime or was in the process of committing a crime. Probable cause turns on whether an objectively reasonable officer would conclude that there is a probability or substantial chance of criminal activity, thereby justifying an arrest.") (cleaned up); *Frenchko v. Monroe*, No. 24-3116, 2025 WL 3295435, at *9 n.6 (6th Cir. Nov. 26, 2025) ("pleading a § 1983 civil conspiracy claim requires specificity, not vague and conclusory allegations unsupported by material facts.") (cleaned up).

Any claim against the City of Dayton Police Department should also be dismissed, as a police department is not a "person" who can be liable under 42 U.S.C. § 1983. *See Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336, 342 (6th Cir. 2023) ("Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute."); *Nichols v. Warnecke*, No. 2:24-cv-104, 2024 WL 5170120, at *5 (S.D. Ohio Dec. 19, 2024), *report and recommendation adopted*, 2025 WL 252828 (S.D. Ohio Jan. 21, 2025) ("law enforcement agencies are not 'persons' as that term is used in Section 1983").

To the extent Plaintiff may raise a municipal liability claim against the City of Dayton, he has not adequately pled such a claim. *See Buehner v. City of Cleveland*, 788 F. Supp. 3d 827, 879 (N.D. Ohio 2025) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)) ("To properly allege a municipal liability claim, a plaintiff must adequately allege '(1) the existence of an illegal official policy or legislative enactment;

3

(2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations.'").

The Court should also dismiss the case because Plaintiff failed to comply with the order to file an amended complaint. (Doc. No. 5.) Rule 41(b) of the Federal Rules of Civil Procedure "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). "District courts also have the inherent power to *sua sponte* dismiss civil actions for want of prosecution [in order to] to manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Here, Plaintiff's failure to comply with the Order for Amended Complaint (Doc. No. 5) warrants dismissal of the case.

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** this case. (*See* Doc. No. 5 at PageID 41 [warning Plaintiff that if he "does not respond to this Order and does not file an Amended Complaint, then this Magistrate Judge will recommend that the Court dismiss the case because the original Complaint fails to state a claim upon which relief can be granted and/or because Plaintiff failed to comply with a Court order.")].)

The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

4

**IT IS SO RECOMMENDED**.

                                               */s/ Caroline H. Gentry*
                                              Caroline H. Gentry
                                              United States Magistrate Judge

## **Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).